UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LANNETTE HEIDENHAIN,<br><br>        Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | )<br>) No. CV-04-237-CI<br>)<br>) ORDER GRANTING IN PART<br>) PLAINTIFF'S MOTION FOR SUMMARY<br>) JUDGMENT AND REMANDING FOR<br>) ADDITIONAL PROCEEDINGS<br>) PURSUANT TO SENTENCE FOUR OF<br>) 42 U.S.C. § 405(G)<br>)<br>)<br>) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 12, 19) submitted for disposition without oral argument on July 1, 2005.   Attorney Donald C. Bell represents Plaintiff; Special Assistant United States Attorney L. Jamala Edwards represents Defendant.   The parties have consented to proceed before a magistrate judge.   (Ct. Rec. 15.)   After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment and **REMANDS** for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Plaintiff, who was 39-years-old at the time of the administrative decision, protectively filed an application for

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 1

Supplemental Security Income (SSI) benefits on December 19, 2001, alleging onset as of June 1, 2000, due to panic disorder. (Tr. at 67.)  Plaintiff attended school through the eighth grade, has not earned a GED, can read and write, but has problems performing more than simple subtraction and addition.  (Tr. at 365-66.)  Past work included day care provider for family members, housekeeper and fruit packer.  Plaintiff has never traveled outside the Wenatchee area. Following a denial of benefits and reconsideration, a hearing was held before Administrative Law Judge R. J. Payne (ALJ).  The ALJ denied benefits after concluding Plaintiff was able to perform a range of medium, light and sedentary work.  Review was denied by the Appeals Council. This appeal followed.  Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

## ADMINISTRATIVE DECISION

The ALJ concluded Plaintiff had not engaged in substantial gainful activity due to severe impairments including panic attacks, but that impairment did not meet the Listings.  The ALJ concluded Plaintiff's testimony was not fully credible and that she retained the residual capacity to perform a wide range of medium work with limited interaction with the public.  (Tr. at 24.)  The ALJ found Plaintiff was able to perform her past work as a child care provider or housekeeper; alternatively, she could perform other work which exists in significant numbers in the national economy, including launderer / dry cleaning machine operator, janitor, hand painter / coater, produce inspector, laborer, miscellaneous wood working machine operator or material making equipment operator.  Thus, the ALJ concluded Plaintiff was not disabled.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 2

**ISSUES**

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff asserts the ALJ erred when he (1) improperly relied on the testimony of a consulting physician, (2) improperly rejected the findings and opinion of an examining physician, (3) did not properly credit Plaintiff's testimony; (4) failed to fully develop the record; (5) failed to consider the testimony of the lay witness; and (6) failed to conduct a proper step four analysis.  Finding the first four issues to be dispositive, the court does not address issues five and six.

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 3

1

**SEQUENTIAL PROCESS**

2      Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the

3  requirements necessary to establish disability:

4          Under the Social Security Act, individuals who are
   "under a disability" are eligible to receive benefits. 42
5  U.S.C. § 423(a)(1)(D). A "disability" is defined as "any
   medically determinable physical or mental impairment"
6  which prevents one from engaging "in any substantial
   gainful activity" and is expected to result in death or
7  last "for a continuous period of not less than 12 months."
   42 U.S.C. § 423(d)(1)(A). Such an impairment must result
8  from "anatomical, physiological, or psychological
   abnormalities which are demonstrable by medically
9  acceptable clinical and laboratory diagnostic techniques."
   42 U.S.C. § 423(d)(3). The Act also provides that a
10 claimant will be eligible for benefits only if his
   impairments "are of such severity that he is not only
11 unable to do his previous work but cannot, considering his
   age, education and work experience, engage in any other
12 kind of substantial gainful work which exists in the
   national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus,
13 the definition of disability consists of both medical and
   vocational components.

14

          In evaluating whether a claimant suffers from a
15 disability, an ALJ must apply a five-step sequential
   inquiry addressing both components of the definition,
16 until a question is answered affirmatively or negatively
   in such a way that an ultimate determination can be made.
17 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The
   claimant bears the burden of proving that [s]he is
18 disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.
   1999). This requires the presentation of "complete and
19 detailed objective medical reports of h[is] condition from
   licensed medical professionals." *Id*. (citing 20 C.F.R. §§
20 404.1512(a)-(b), 404.1513(d)).

21

**ANALYSIS**

22      Plaintiff first contends the ALJ improperly relied on the

23 testimony of the consulting physician, Dr. Norman Gustavson, who

24 concluded there were no limitations except for interaction with the

25 public.  (Tr. at 312.)  Plaintiff contends Dr. Gustavson's opinion

26 is not consistent with other evidence in the record; specifically,

27 the opinions of examining physicians Drs. Rowe and Startzel.

28

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 4

1 Plaintiff also asserts these opinions were not rejected with

2 specific, legitimate reasons as required by *Lester v. Chater*, 81

3 F.3d 821, 830-31 (9th Cir. 1995).

4 Defendant responds the ALJ's analysis was appropriate in light

5 of medical records that medication successfully treated her

6 depression, her activities of daily living were inconsistent with

7 disability, and there was no evidence of recurring panic attacks,

8 just the fear of having another attack.

9 1.   Opinion of Consulting Physician

10 The ALJ relied on the testimony of the consulting physician,

11 Dr. Gustavson.  The ALJ noted in his opinion:

12 Based on his review of the claimant's record, Dr.
Gustavson, medical expert at hearing, also evaluated the

13 claimant's reported difficulties against the section
listings of 12.00 for mental health disorders, the

14 administratively recognized level impairments listed in
Appendix 1, Subpart P, Regulations No. 4.  Specifically

15 listings 12.04 for affective disorder, 12.06 for anxiety-
related disorders, and 12.08 for personality disorders,

16 and he also opined that other than a moderate limitation
for interacting with the public, the claimant had no other

17 mental health functional limitations.  And this was the
assessment findings of the state agency (DDS) medical

18 consultants.

19 (Tr. at 23, references to exhibits omitted.)

20 The opinion of a non-examining physician may be accepted as

21 substantial evidence if it is supported by other evidence in the

22 record and is consistent with it. *Andrews v. Shalala*, 53 F.3d 1035,

23 1043 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th

24 Cir. 1995).  The opinion of a non-examining physician cannot by

25 itself constitute substantial evidence that justifies the rejection

26 of the opinion of either an examining physician or a treating

27 physician. *Lester*, at 831, citing *Pitzer v. Sullivan*, 908 F.2d 502,

28

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 5

1  506 n.4 (9th Cir. 1990).   Cases have upheld rejection of an

2  examining or treating physician based in part on the testimony of a

3  non-examining medical advisor; but those opinions have also included

4  reasons to reject the opinions of examining and treating physicians

5  that were independent of the non-examining doctor's opinion.

6  *Lester*, at 831, citing *Magallanes v. Bowen,* 881 F.2d 747, 751-55

7  (9th Cir. 1989) (reliance on laboratory test results, contrary

8  reports from examining physicians and testimony from claimant that

9  conflicted with treating physician's opinion); *Andrews*, 53 F.3d at

10 1043 (conflict with opinions of five non-examining mental health

11 professionals, testimony of claimant and medical reports); *Roberts*

12 *v. Shalala*, 66 F.3d 179 (9th Cir 1995) (rejection of examining

13 psychologist's functional assessment which conflicted with his own

14 written report and test results).   Thus, case law requires not only

15 an opinion from the consulting physician, but also substantial

16 evidence (more than a mere scintilla, but less than a

17 preponderance), independent of that opinion which supports the

18 rejection of contrary conclusions by examining or treating

19 physicians.   *Andrews*, 53 F.3d at 1039.

20      Here, Dr. Gustavson's testimony is internally inconsistent. He

21 testified Plaintiff suffered from panic disorder with agoraphobia,

22 dysthymia, and dependent personality, either features or disorder.

23 (Tr. at 348.)   He further stated Plaintiff would have mild to

24 moderate limitations with respect to activities of daily living,

25 **moderate to marked** limitations with respect to social functioning,

26 moderate limitation in concentration, persistence and pace, and no

27 episodes of deterioration.   (Tr. at 348-349.)   On his written report

28

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 6

1 (Psychiatric Review Technique, Ex. 12F), Dr. Gustavson noted mild to

2 moderate restriction of activities of daily living**, moderate to**

3 **marked** difficulties in social functioning, moderate difficulties in

4 maintaining concentration, persistence or pace, and no episodes of

5 deterioration.   (Tr. at 305.)    In the Mental Medical Source

6 Statement (Ex. 13F), Dr. Gustavson noted only a **moderate** limitation

7 in interacting with the general public.  (Tr. at 312.)   Thus, Dr.

8 Gustavson's opinions range from moderate to moderate-to-marked

9 difficulties in social functioning.

10      The ALJ also noted Dr. Gustavson's opinion was consistent with

11 other consulting physicians.   However, consultant Dr. Gardner

12 observed on July 1, 2002, that Plaintiff would have moderate

13 limitations in her ability to complete a normal work day and week

14 without interruption, interact appropriately with the general

15 public, respond appropriately to changes in the work setting and

16 travel in unfamiliar places or use public transportation.  (Tr. at

17 362.)  Dr. Gardner did conclude, however, Plaintiff could understand

18 and remember instructions and procedures, persist at tasks with

19 occasional distraction, perform task-related social interaction,

20 adjust to change in the work environment, and handle routine

21 commutes.  (Tr. at 265.)  Thus, the ALJ's conclusion Dr. Gustavson's

22 opinion was supported by the opinions of other consulting physicians

23 is not entirely supported by the record.

24 2.   Rejection of Examining and Treating Physicians' Opinions

25      Plaintiff also contends the ALJ failed to reject the opinions

26 of the examining and treating physicians with specific, legitimate

27 reasons.  The ALJ commented with respect to the examinations by Drs.

28

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 7

1  Startzel and Rowe and Dr. O'Donnell's assessment in August 2000:

2      Psychological assessments in August 2000 [Dr. O'Donnell],
       June 2001 [MSW counselor] and October 2002 [that of Dr.
3      Startzel] indicated that the claimant suffered from
       depression and/or panic disorder, and had "marked"
4      impairments severity limitations. However, each of these
       assessments also indicated that this was only expected to
5      last 6 months.  And treatment records for July 2000, June
       2001 and September 2002 reported that her medication had
6      been helping her significantly and that she had denied any
       significant symptomatology.  In fact, treatment records as
7      early as 1997-1998 indicated that her depression was under
       control with medication.

8
       A consultative psychological assessment evaluation in
9      March 2002 [that of Dr. Rowe] indicated that the
       claimant's panic disorder was based on her persistent
10     concern over having additional panic attacks which
       prevents her from leaving her home or engaging in unique
11     behaviors.  However, it appeared that she had not had such
       an attack since the year before, and she reported
12     attending to all her own activities of daily living
       including taking care of her daughter and doing the
13     shopping.

14     . . .

15     The undersigned also notes that despite indications of
       anxiety and panic attacks, the claimant has had no
16     difficulty seeking medical care, which requires
       interacting with others and going to a public facility,
17     and that such anxiety complaints have not prevented her
       from horseback riding with some regularity.

18

19 (Tr. at 22-23, references to exhibits omitted.)  The question is

20 whether these findings are specific and legitimate and supported by

21 the record.

22     The medical record of the treating providers prior to the date

23 of onset (June 1, 2000) discloses Plaintiff had her first

24 psychological assessment for panic attack treatment in October 1993

25 when she reported to Dr. O'Donnell that she suffered from panic

26 attacks and depression not fully controlled on Prozac.  (Tr. at

27 153.)  The attacks continued into 1994 (Tr. at 153) when Paxil was

28

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 8

1  prescribed.   The Paxil resulted in some improvement in March 1994

2  (Tr. at 156).   Plaintiff was reported to be the caretaker of five

3  children in 1994 and had been doing so for several years.  (Tr. at

4  161.)   Depression and anxiety increased again in February 1995 and

5  Paxil was restarted.  (Tr. at 166.)   Some improvement was reported

6  in February 1996 (Tr. at 170) and in April 1997, Plaintiff requested

7  a method for discontinuing the Paxil.  (Tr. at 177.)   Plaintiff at

8  that  time  was  using  fertility  drugs  in  an  attempt  to  become

9  pregnant.  (Tr. at 180.)   Paxil was restarted in August 1997.  (Tr.

10 at 182.)   Improvement  was  observed  in  June  1998  and  in  February

11 1999.   (Tr. at 188, 195.)   However, there was an exacerbation of

12 symptoms in September 1999 following a marital dissolution and Paxil

13 dosage was increased. (Tr. at 201.) In November 1999, she reported

14 a lessening of the effects of depression and panic attacks, but the

15 symptoms increased in January 2000.  (Tr. at 204, 206.)   In August

16 2000, Dr. O'Donnell noted several marked and moderate limitations

17 due to severe panic disorder, depressed mood and paranoid behavior.

18 (Tr. at 225-227.)

19     Following the alleged date of onset (June 1, 2000), Plaintiff

20 reported a sleep disorder and Trazadone was prescribed.   (Tr. at

21 209.)   A follow-up in June 2001 disclosed good control with 40 mg

22 Paxil.   (Tr. at 211.)   On July 13, 2001, Plaintiff's GAF was

23 assessed at 75, indicative of only transient and slight limitations.

24 DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, FOURTH EDITION (DSM-IV),

25 at 32 (1995).  (Tr. at 134.)   Plaintiff attended only two counseling

26 sessions and counseling was discontinued on October 26, 2001.  (Tr.

27 at 141.)

28

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 9

On March 12, 2002, Plaintiff was evaluated by Dr. Rowe at the request of the Social Security Administration.  He noted Plaintiff spent her time reading, watching television, drawing, doing embroidery, and shopping weekly with her daughter or landlord.  (Tr. at 230.)  She was neat and tidy, with average speech, tone, and fair concentration.  She had good eye contact, but appeared slightly anxious.  Dr. Rowe diagnosed dysthymia, panic disorder with agoraphobia, and rule-out math learning disability.[1]  He assessed her current and past year global assessment of functioning (GAF) at 45, indicative of serious limitations.  DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, FOURTH EDITION (DSM-IV), at 32 (1995).  (Tr. at 231-232.)  Dr. Gustavson rejected this GAF as not supported by the mental examination findings, and in light of the findings and other medical evidence, his conclusion is supported by the record.  (Tr. at 360.)

Psychologist Jeffrey Startzel, Psy.D., on staff at Chelan-Douglas Behavioral Health, examined Plaintiff in October 2002 and concluded she had several marked and severe limitations.  (Tr. at 288-290.)  He noted severe depressed mood, expression of anxiety or fear, social withdrawal and global illness.  Plaintiff had a marked limitation in her ability to understand complex directions and

_____

[1]Plaintiff also contends the ALJ failed to develop the medical record with respect to the rule-out diagnosis of learning disorder by Dr. Rowe. To the extent additional evidence is necessary to resolve any ambiguity as to the severity of a learning disorder, the ALJ has a duty to develop the record.  20 C.F.R. §§ 404.1519a(b)(1), (4), 416.919a(b)(1), (4).

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 10

severe limitation in ability to relate appropriately to co-workers, interact appropriately in public contacts, and respond appropriately to pressures of the work setting.  Dr. Startzel observed rigid posture, slow motor behavior, blunted affect, cooperative attitude, and appropriate eye contact and pressured speech with stammer. (Tr. at 292.)  Dr. Startzel diagnosed major depressive disorder recurrent without psychotic features and panic disorder with agoraphobia. (Tr. at 289.) Dr. Gustavson rejected Dr. Startzel's conclusions because they were based on a brief contact and self-report.  (Tr. at 361.)  However, evidence from a therapist at Chelan-Douglas Behavioral Health, dated August 22, 2003, some five days before the ALJ's opinion was issued, indicated Plaintiff was disabled due to agoraphobia.  (Tr. at 343.)  This evidence was not addressed by the ALJ.

## CREDIBILITY

Plaintiff contends the ALJ did not properly reject her testimony with clear and convincing reasons and failed to address at all the statement of her witness.  Defendant asserts the ALJ properly rejected her assertions of disability because the medical record supports a finding medication had improved Plaintiff's depression and that she had not suffered a panic attack for one year.  As further noted by the ALJ, Plaintiff had no difficulty seeking medical care (an indication of her ability to interact with the public), was independent for activities of daily living, and had ridden horseback on two occasions.  Defendant concedes the ALJ did not address the daughter's statement, but argue any error was harmless in light of the conflict between that testimony and the

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 11

1  medical record.

2      The ALJ must engage in a two-step analysis in deciding whether

3  to admit a claimant's subjective symptom testimony. *Smolen v.*

4  *Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Under the first step,

5  see *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986), the

6  claimant must produce objective medical evidence of underlying

7  "impairment," and must show that the impairment, or a combination of

8  impairments, "could reasonably be expected to produce pain or other

9  symptoms." *Id.* at 1281-82.  If this test is satisfied, and if there

10  is no evidence of malingering, then the ALJ, under the second step,

11  may reject the claimant's testimony about severity of symptoms with

12  "specific findings stating clear and convincing reasons for doing

13  so." *Id*. at 1284.  The ALJ may consider the following factors when

14  weighing the claimant's credibility: "[claimant's] reputation for

15  truthfulness, inconsistencies either in [claimant's] testimony or

16  between [his/her] testimony and [his/her] conduct, [claimant's]

17  daily  activities,  [his/her]  work  record,  and  testimony  from

18  physicians and third parties concerning the nature, severity, and

19  effect of the symptoms of which [claimant] complains." *Light v.*

20  *Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).  If the ALJ's

21  credibility  finding  is  supported  by  substantial  evidence  in  the

22  record, the court may not engage in second-guessing. *See Morgan v.*

23  *Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).  If

24  a reason given by the ALJ is not supported by the evidence, the

25  ALJ's decision may be supported under a harmless error standard.

26  *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990) (applying the

27  harmless error standard); *Booz v. Sec'y of Health and Human Serv.*,

28

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 12

734 F.2d 1378, 1380 (9th Cir. 1984) (same).   Here, there is no evidence of malingering; thus, any rejection of Plaintiff's testimony must be supported by clear and convincing evidence.

A review of the ALJ's opinion does not disclose a separate analysis of the credibility of Plaintiff's testimony.  The ALJ does mention the scope of Plaintiff's daily activities and medical records, which support his conclusion that medication successfully controlled her mental impairments.  However, the manner in which she conducted daily activities (shopping at night accompanied by landlord or daughter, horseback riding on only two occasions as an attempt at therapy but which ended up in treatment for injury (Tr. at 375, 269, 276), and attending medical appointments) was not inconsistent with activities which could be performed by someone disabled by depression and/or panic disorder.  Additionally, there is no evidence Plaintiff provided care for her daughter who is an adult; there is evidence, however, Plaintiff provided child care for her grandchildren for six to eight hours a day (Tr. at 369-370), activity which would not support a finding of disability.  Finally, there is no evidence Plaintiff's condition did not meet the durational requirement of one year as medical records demonstrate treatment for depression and panic attacks from 1993 through 2004.

Additionally, there is no mention of the credibility assigned to the statement provided by Plaintiff's daughter. (Tr. at 105.) "[L]ay witness testimony as to a claimant's symptoms or how an impairment affects ability to work *is* competent evidence and therefore *cannot* be disregarded without a statement reasons that are germane to each witness."   *Nguyen v. Chater*, 100 F.3d 1462, 1467

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 13

1  (9th Cir. 1996), citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th

2  Cir. 1993) (other citations omitted).

3  **REMAND**

4  Case law requires an immediate award of benefits when "(1) the

5  ALJ has failed to provide legally sufficient reasons for rejecting

6  [a medical opinion], (2) there are no outstanding issues that must

7  be resolved before a determination of disability can be made, and

8  (3) it is clear from the record that the ALJ would be required to

9  find the claimant disabled were such evidence credited." *Harman v.*

10  *Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038

11  (2000), citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

12  The court has some flexibility in determining whether to remand for

13  an immediate award of benefits or for additional administrative

14  proceedings. *Connett v. Barnhart,* 340 F.3d 871, 876 (9th Cir. 2003).

15  Here, there are outstanding issues that must be resolved before a

16  determination of disability can be made: namely, the correct weight

17  to be given the opinions of the medical experts, including the 2003

18  opinion of the therapist as to disability and any supporting mental

19  health treatment records, whether there is a severe learning

20  disorder that would affect Plaintiff's residual functional capacity

21  and a re-assessment of Plaintiff's credibility.  After findings are

22  made regarding this evidence, a revised residual capacity assessment

23  should be made.  Accordingly,

24  **IT IS ORDERED**:

25  1.  Plaintiff's Motion for Summary Judgment **(Ct. Rec. 12)** is

26  **GRANTED;** the matter is **REMANDED** for additional proceedings pursuant

27  to sentence four of 42 U.S.C. § 405(g).

28

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 14

1    2.   Defendant's Motion for Summary Judgment dismissal **(Ct.**

2 **Rec. 19)** is **DENIED.**

3    3.   Any application for attorney fees shall be filed by

4 separate motion.

5    4.   The District Court Executive is directed to file this

6 Order and provide a copy to counsel for Plaintiff and Defendant.

7 The file shall be **CLOSED** and judgment entered for Plaintiff.

8    DATED August 3, 2005.

9

10                          S/ CYNTHIA IMBROGNO
                  UNITED STATES MAGISTRATE JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 15